# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3766

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| David Hernandez, | * | |
| | * | [UNPUBLISHED] |
| Defendant-Appellant. | * | |

_____

Submitted: May 12, 2004
Filed July 14, 2004

_____

Before LOKEN, Chief Judge, BRIGHT, Circuit Judge, and DORR,* District Judge.

_____

PER CURIAM.

David Hernandez appeals his conviction for possession of cocaine after a previous drug felony conviction, 21 U.S.C. §§ 841(1a)(1), 841(b)(1)(C), and 851. On appeal, Hernandez asserts that the district court[1] erred in failing to hold a hearing to

_____

*The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri, sitting by designation.

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

determine whether the subsequent state search of a Federal Express package exceeded the scope of the private search conducted by Federal Express.

On October 14, 2002, Federal Express employees in Pharr, Texas notified local law enforcement that they had a "suspicious" package. Texas Department of Public Safety narcotics agents went to the Federal Express terminal where the employees showed the agents a small, opened cardboard package. The package contained styrofoam packaging peanuts, which surrounded a taped, clear plastic bag. The clear plastic bag contained two plastic wrapped rock-like bundles.

A field test indicated that the rock-like bundles contained cocaine. The agents then shipped the box to drug enforcement authorities in Cedar Rapids, Iowa. The DEA secured a search warrant for the package and an anticipatory search warrant for the address listed on the package.

After obtaining the warrants, law enforcement officers delivered the package to the address listed on the package. Hernandez accepted the package. Law enforcement officers then searched Hernandez's residence but failed to find any additional drugs.

The government charged Hernandez in a one-count indictment for the possession of cocaine while serving probation. At the time of his federal arrest, Hernandez had been on state probation for approximately two months for drug possession. Hernandez moved to suppress the cocaine seized from the Federal Express package. Hernandez argued that the law enforcement's search of the open package exceeded the search of the Federal Express employees. The district court denied Hernandez' motion to suppress.

After the district court denied his motion to suppress, Hernandez pleaded guilty pursuant to a plea agreement. The plea agreement stipulated to a base offense level

of 18 based on a drug quantity of between 100 and 200 grams of a mixture containing cocaine. The district court sentenced Hernandez to twenty-four months of imprisonment and a five-year term of supervised release.

Hernandez argues that the district court erred in not holding an evidentiary hearing to uncover the facts surrounding the Federal Express' search of the package. Our precedent does not require the district court to hold an evidentiary hearing on a motion to suppress where the facts are not in dispute. United States v. Mims, 812 F.2d 1068, 1073-74 (8th Cir. 1987) (holding that "[w]hen a motion to suppress is filed, '[e]videntiary hearings need not be set as a matter of course, but if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question, an evidentiary hearing is required.'" (internal citations and quotations omitted). In his motion to suppress, Hernandez did not raise any factual issues, nor did Hernandez request a hearing. Thus, the district court did not err.

Hernandez next argues that the district court erred in determining that the law enforcement's search did not exceed the private search conducted by Federal Express employees. We review the district court's denial of a motion to suppress *de novo*, with the underlying factual determinations reviewed for clear error. United States v. Walker, 324 F.3d 1032, 1036 (8th Cir. 2003).

The Fourth Amendment "is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any government official." United States v. Jacobsen, 466 U.S. 109, 113 (1984) (internal citations and quotations omitted). "Because a private search frustrates . . . [a legitimate] expectation [of privacy], . . . an ensuing police intrusion that stays within the limits of the private search is not a search for Fourth Amendment purposes." United States v. Miller, 152 F.3d 813, 815 (8th Cir. 1998) (internal citations omitted).

No facts exist to show that the law enforcement's search of the package exceeded the scope of the private search conducted by Federal Express employees. The district court did not err in denying Hernandez's motion to suppress the cocaine in the package.

AFFIRMED.

_____